# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 93 CR 294-2 | DATE | 1/31/01 |
| CASE TITLE | United States of America v. Clement Messino | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For reasons in the attached Memorandum Opinion and Order, the United States' Motion for Reconsideration is GRANTED.

/s/ David H. Coar

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

X  No notices required, advised in open court. — Copies given out in open court

No notices required.
Notices mailed by judge's staff.
Notified counsel by telephone.
Docketing to mail notices.
Mail AO 450 form.
Copy to judge/magistrate judge.

JAN 31 2001 date docketed

courtroom deputy's initials: vg(lc)

01 JAN 31 PM 12:0  date mailed notice

Document Number 1487

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 93 CR 294-2 |
| v. ) | |
| ) | HONORABLE DAVID H. COAR |
| Clement Messino, ) | |
| ) | |
| Defendant. ) | DOCKETED |

JAN 3 1 2001

## MEMORANDUM OPINION AND ORDER

On August 21, 1995, a jury found Messino guilty of Count I, conspiracy to distribute cocaine under 21 U.S.C §846, Count III, filing a false federal tax return under 26 U.S.C. §7206(1), and Count XI, money laundering under 18 U.S.C. §1956(a)(1) and § 2, of the superceding indictment. The indictment also included a forfeiture count. Immediately upon a guilty verdict on Counts one, three and eleven, the matter of forfeiture was submitted to the same jury. After deliberating, the jury was unable to reach a unanimous verdict and a mistrial on the forfeiture count was declared. A new retrial on the forfeiture issue was scheduled. On September 7, 2000, this Court ruled that at the retrial the government must prove the forfeiture allegations beyond a reasonable doubt. Before this court is the United States' motion for reconsideration of criminal forfeiture hearing procedures in the case of U.S. v. Clement Messino ("Messino"). For the following reasons, the United States' motion is GRANTED.

1

1487

## Analysis

### A. Standard of Proof for Forfeiture Hearing

The United States Supreme Court, in <u>Libretti v. United States</u>, 516 U.S. 29 (1995), held that a determination of criminal forfeiture is an element of the sentence. Accordingly, the Seventh Circuit has adopted a standard of proof for criminal forfeiture hearings under 21 U.S.C. § 853 that is consistent with sentencing, requiring proof by a preponderance of the evidence. <u>United States v. Simone</u>, 931 F.2d 1186, 1198-99 (7th Cir.), <u>cert</u>. <u>denied</u>, 502. U.S. 981 (1991); <u>United States v. Herrero</u>, 893 F.2d 1512, 1541-1542 (7th Cir. 1990).

Messino argues that the Supreme Court's recent decision in <u>Apprendi v. New Jersey</u>, 120 S.Ct. 2348 (2000), undermines Seventh Circuit precedent and requires that the government prove the forfeiture allegations against Messino beyond a reasonable doubt. In that case, the defendant was convicted pursuant to guilty plea for unlawful firearm possession. He was subsequently sentenced to an extended term under New Jersey's hate crime statute because the court made the finding of fact, by a preponderance of the evidence, that the defendant had committed the crime with a biased purpose. The Supreme Court reversed, holding that when a defendant's sentence is increased beyond a statutory maximum based on any fact other than the fact of a prior conviction, that fact must be submitted to a jury and proved beyond a reasonable doubt. <u>See id</u>.

Although the Seventh Circuit has yet to address to ramifications of the <u>Apprendi</u> holding for criminal forfeiture proceedings, this Court feels confident that the Sixth Circuit's analysis of

2

the issue in United States v. Corrado, 227 F.3d 543 (2000), is consistent with Seventh Circuit case law. In Corrado, the Sixth Circuit rejected the defendant's argument that Apprendi required the jury to determine the scope of forfeiture under the beyond a reasonable doubt standard. Id. The Sixth Circuit reasoned that criminal forfeiture has been deemed as part of the sentence under Libretti and nothing in Apprendi triggers a requirement that a trier of fact must make determinations based on the beyond a reasonable doubt standard. Id. at 550-551. Consequently, Apprendi leaves unchanged prior Seventh Circuit case law providing that the government must prove the forfeiture allegations against Messino by a preponderance of the evidence standard during the forfeiture hearing. United States v. Simone, 931 F.2d 1186, 1198-99 (7th Cir.), cert. denied, 502. U.S. 981 (1991); United States v. Herrero, 893 F.2d 1512, 1541-1542 (7th Cir. 1990).

**B. Testimony**

In form, a criminal forfeiture hearing is a hybrid procedure. On one hand, the statute requires that a jury determine extent of the forfeiture. On the other hand, forfeiture hearing is part of criminal defendant's sentencing and viewed as a punishment for which the defendant was found guilty. As a sentencing, a criminal forfeiture hearing is not bound by formal rules of evidence and therefore does not require live witness testimony. Policy Statement 6A1.3 of the Sentencing Guidelines states, "[T]he Court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy." In this case, given the hybrid nature of the proceeding, this court believes that the accuracy of the evidence can best be

3

guaranteed by making all witnesses, whose testimony is admitted either live or written during the hearing, available for cross-examination by the defendant.

## Conclusion

For the foregoing reasons, the United States' motion for reconsideration is GRANTED.

Enter: *David H. Coar*

David H. Coar

United States District Judge

Dated: January 31, 2001